

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00100-CR

DENEEKO TRAVON SHAVERS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 22F1020-102

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

Deneeko Travon Shavers pled guilty to possession of a controlled substance in an amount greater than four grams but less than two hundred grams.[1] Pursuant to a plea bargain with the State, Shavers was sentenced to forty years' imprisonment.[2] The trial court certified that this was a plea-bargain case and that Shavers had no right of appeal; nonetheless, Shavers, acting pro se, filed a notice of appeal. Because we find that we are without jurisdiction over this case due to the plea bargain between Shavers and the State, we dismiss the appeal for want of jurisdiction.[3]

The Texas Legislature has granted a very limited right of appeal in plea-bargain cases. Rule 25.2 of the Texas Rules of Appellate Procedure details that right as follows:

> (2)     . . . . In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> > (A)     those matters that were raised by written motion filed and ruled on before trial,
> >
> > (B)     after getting the trial court's permission to appeal, or
> >
> > (C)     where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a)(2). There is no indication in the record before this Court that Shavers either (1) filed a motion that was ruled on before trial or (2) obtained the trial court's permission

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (Supp.).

[2] Shavers's punishment range was enhanced to that of a first-degree felony. *See* TEX. PENAL CODE ANN. §12.42(b).

[3] In conjunction with the plea agreement, Shavers waived his right of appeal. In addition, Shavers's notice of appeal was untimely.

to appeal. To the contrary, the trial court's certification of Shavers's right of appeal indicates that he has no right of appeal. Pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure, this Court is required to dismiss an appeal if, as in this case, the trial court's certification indicates no right of appeal. *See* TEX. R. APP. P. 25.2(d).

We informed Shavers of this apparent defect in our jurisdiction over his appeal and afforded him an opportunity to respond and, if possible, cure such defect. Although Shavers responded to our letter, his response failed to convince this Court that it has jurisdiction over this attempted appeal.

Because Shavers has no right of appeal due to his plea bargain with the State and because the trial court's certification correctly indicates that he is without a right of appeal, we dismiss this appeal for want of jurisdiction.


Jeff Rambin
Justice

Date Submitted: May 31, 2023
Date Decided: June 1, 2023

Do Not Publish